IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STACI LEEANNE McDADE,

    Defendant.                             Case No. 05-CR-30134-DRH

## ORDER

**HERNDON, District Judge:**

On September 17, 2007, the Court held a hearing on, *inter alia*, the Government's motion to quash subpoenas for testimony of drug enforcement administration agents Matt McKnight, Bill Ard, John McGarry, and John Fremgen (Doc. 105) and took this motion under advisement. Based on the record, the applicable law and the following, the Court rules as follows.

The Government moves to quash the subpoenas because Defendant has not complied with the Department of Justice **Touhy** Regulations, **see United States ex rel. Touhy v. Ragen, 340 U.S. 461 (1951)**, and the testimony of the agents is not relevant and material. 28 C.F.R. § 16.23(c) provides:

> If oral testimony is sought by a demand in a case as a matter in which the United States is a party, an affidavit, or if that is not feasible, a statement by party seeking the testimony, or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department Attorney handling the case or matter.

Based on the regulation and **Touhy** – even the Defendant's own

admission - Defendant must, by affidavit or statement provide information to the Government a summary of the testimony sought by the Defendant from the Government agent subpoenaed. Here, the Government contests the lack of specificity. Defendant asserts a right, which she believes rises to constitutional proportions, to provide no more specificity than counsel's affidavit to protect her defense theories.

The Court agrees that Defendant needs to be more specific than counsel's affidavit that the agents will be asked about their investigation. However, the Court also agrees with Defense counsel that Defendant need not spell out her theory of defense. In oral argument, Defense counsel stated he intended to confine his questions to the agents' "302 reports." That is sufficient specificity to comply with the regulation. Rather than quash the subpoenas and put Defendant through the procedure all over again, the Court will accept the statement as a supplement to the affidavit. Therefore, Defendant's examination of these agents will be confined to their 302 reports and the subpoenas will be honored. Thus, the Court **DENIES** the Government's motion to quash subpoenas for testimony of drug enforcement administration agents Matt McKnight, Bill Ard, John McGarry and John Fremgen (Doc. 105).

**IT IS SO ORDERED.**

Signed this 20th day of September, 2007.

/s/          DavidRHerndon

United States District Judge